# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| PHILLIP MALDONADO, § | |
| Plaintiff, § | CASE NO. 5:17-CV-00157-RWS-CMC |
| v. § | |
| JERRY BROCK, ET AL., § | |
| Defendants. § | |

## ORDER

Phillip Maldonado, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. This Court referred the case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants include: Former TDCJ-CID Sergeant Jerry Brock, Warden Joseph Wilson, Nurse Steven Roberts, Nurse Jamie Martin, Officer Tina Gooden, Captain Frederick Gooden, an unknown staff member at the University of Texas Medical Branch Hospital in Galveston and unknown medical staff members at the Beto Unit of TDCJ-CID. This Order adopts two Reports of the Magistrate Judge: first, a report that recommends granting Nurse Roberts and Nurse Martin's motion for summary judgment (Docket No. 50) and second, a report that recommends granting Warden Wilson, Captain Frederick Gooden and Officer Tina Gooden's motion to dismiss (Docket No. 49). The latter also recommends dismissing the claims against the unknown defendants, which is similarly adopted here.

**I. Background**

While incarcerated, Mr. Maldonado suffered multiple facial fractures and required surgical correction with plates. He contends Former Sgt. Brock caused those fractures by assaulting him using excessive force.

Additionally, Mr. Maldonado makes several claims about a disciplinary case[1] and a use of force investigation related to his injuries. First, he claims the disciplinary case, filed by Former Sgt. Brock, was only used to justify Sgt. Brock's excessive force. Second, he claims Captain Gooden processed the disciplinary case without Mr. Maldonado's presence, falsely claiming Mr. Maldonado was not on the unit. Third, Mr. Maldonado states Captain Gooden is married to Officer Tina Gooden, whom Plaintiff wrote up for not following proper procedures after a use of force. Fourth, Mr. Maldonado claims Warden Wilson improperly signed a grievance stating proper procedures were followed in the use of force investigation and the disciplinary case.

Finally, Plaintiff asserts claims against multiple medical professionals. First, he claims Nurse Roberts and Nurse Martin failed to properly diagnose his injury, resulting in pain and suffering. In part, Mr. Maldonado claims he did not receive adequate pain medication for three days after his injury. Second, he claims an unknown staff member at a hospital in Galveston failed to provide him with pain medication for "6, 8, and even 12 hours after surgery." Third, he claims the medical staff at the Beto Unit failed to provide him with pain medication while in transient status.

**II. The Reports of the Magistrate Judge**

The named Defendants were ordered to answer the lawsuit. In response, Warden Wilson, Captain Gooden and Officer Tina Gooden filed a motion to dismiss under Federal Rule of Civil

---

[1] Regional Director M. Blalock eventually dismissed the disciplinary case, noting that it would be overturned and that Mr. Maldonado's records would be corrected.

Procedure 12(b)(6). Likewise, Nurse Roberts and Nurse Martin filed a motion to dismiss under Rule 12(b)(6) and a motion for summary judgment for failure to exhaust administrative remedies. Mr. Maldonado did not respond.

After review of the pleadings, the Magistrate Judge issued a Report recommending the nurses' motion for summary judgment based upon exhaustion of administrative remedies be granted. Docket No. 50. The Magistrate Judge also issued a separate Report recommending the motion to dismiss filed by Warden Wilson, Captain Gooden and Officer Gooden be granted. Docket No. 49. The latter Report also recommended dismissal of the unknown staff member at the hospital in Galveston and the unknown medical staff members at the Beto Unit under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Mr. Maldonado received a copy of the Magistrate Judge's Report but filed no objections thereto; accordingly, he is not entitled to *de novo* review by the District Judge of those findings, conclusions and recommendations, and except upon grounds of plain error, he is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. 28 U.S.C. § 636(b)(1)(C); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Nonetheless, the Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and agrees with the Report of the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants, . . . .'") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)). It is therefore

**ORDERED** the Reports of the Magistrate Judge (Docket No.'s 49 and 50) are **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the motion for summary judgment filed by the Defendants Nurse Roberts and Nurse Martin (Docket No. 40) is **GRANTED** and the claims against these Defendants are

**DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. These Defendants are **DISMISSED** as parties to the lawsuit. It is further

**ORDERED** the motion to dismiss filed by the Defendants Nurse Roberts and Nurse Martin (Docket No. 39) is **DENIED** as MOOT. It is further

**ORDERED** the motion to dismiss filed by the Defendants Warden Wilson, Captain Gooden and Officer Gooden (Docket No. 41) is **GRANTED**. The Plaintiff's claims against these Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. These Defendants are **DISMISSED** as parties to the lawsuit. Finally, it is

**ORDERED** the Plaintiff's claims against the unknown defendants at the hospital in Galveston and the Beto Unit are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. These Defendants are **DISMISSED** as parties to the lawsuit.

The dismissal of these claims and parties shall have no effect upon the Plaintiff's claims against Sgt. Jerry Brock, which are the only claims and the only Defendant remaining in the lawsuit.

**So ORDERED and SIGNED this 18th day of September, 2019.**

*[Signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE