**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| PHILLIP MALDONADO, § § Plaintiff, § § v. § § JERRY L BROCK, § § Defendant. § § | CIVIL ACTION NO. 5:17-CV-00157-RWS |

**ORDER**

Plaintiff Phillip Maldonado, a prisoner of the Texas Department of Criminal Justice, sued various defendants under 42 U.S.C. § 1983, alleging constitutional violations. This Court referred the case to the United States Magistrate Judge, who recommended Plaintiff's claims against Sergeant Jerry Brock be dismissed with prejudice.[1] Docket No. 77. Plaintiff objected to the Magistrate Judge's recommendation. Docket No. 79. For the following reason, those objections are **OVERRULED**, and the Magistrate Judge's recommendation is **ADOPTED**.

**I. Background**

Plaintiff claims that, on July 4, 2016, Sgt. Brock was summoned to the housing area because inmates, including Plaintiff, were outside their designated section of the facility. Sgt. Brock escorted Plaintiff back to the appropriate section, placed plaintiff in his cell and asked for Plaintiff's identification (ID) card. Plaintiff replied that Sgt. Brock could see what cell and bunk he was in and could get that information off the pod roster. Sgt. Brock stated that, if Plaintiff did not provide his ID, then Brock would lock Plaintiff up.

---

[1] Previously, the claims against all other defendants were dismissed without prejudice. Docket No. 59.

According to Plaintiff, he exited the cell, turned around, placed his hands behind his back and was cuffed by Sgt. Brock. After walking a few steps, Plaintiff states he decided it was not worth going to lockup. Plaintiff then stopped and turned around, attempting to tell his cellmate to slide his ID under the door. But he was prevented from doing so, Plaintiff contends, because Sgt. Brock immediately swept his feet out from under him, slamming Plaintiff in the floor face first. As a result, Plaintiff states he fractured a bone in his face.

After the use of force, Plaintiff asserts Sgt. Brock wrote a disciplinary case that alleged Plaintiff had been ordered to stop pulling away and refused to comply with the order. Captain Gooden ran the disciplinary case without Plaintiff being present and falsely stated that Plaintiff was off the unit when, in fact, he was not. Plaintiff states this disciplinary case was overturned on appeal.

## II.   Sgt. Brock's Motion for Summary Judgment

Sgt. Brock moved for summary judgment, offering his own version of the events. He claimed that he asked Plaintiff for his ID card, but Plaintiff refused. He put Plaintiff in hand restraints and attempted to escort him to the Eight Building holding cell. After the escort began, Sgt. Brock stated Plaintiff tried to pull away. Sgt. Brock stated he maintained his hold and told Plaintiff the minimum amount of force necessary to gain compliance would be used if he did not stop pulling away.

According to Sgt. Brock, Plaintiff complied and began walking, but tried to pull away again a few steps later. Sgt. Brock stated that he gave Plaintiff a second order and again explained the consequences of failing to comply. Plaintiff briefly complied, but then pulled away a third time. Sgt. Brock stated he used a leg sweep and applied downward pressure to bring Plaintiff to the ground. Other officers came to the scene, and Plaintiff was taken to the medical department.

Sgt. Brock acknowledges that Plaintiff suffered a fractured orbital bone requiring surgery but argues the force was used in a good faith effort to restore discipline in response to Plaintiff's repeated

non-compliance. To Sgt. Brock, his use of force was neither malicious nor sadistic. Sgt. Brock invoked his entitlement to qualified immunity.

### III.     The Summary Judgment Evidence

The Defendants submitted a use of force report, which concluded the use of force was justified, and Plaintiff's medical records, which showed Plaintiff had a fractured orbital bone and underwent surgery on July 19, 2016.

The Defendants also submitted a surveillance video showing the incident, which contradicts Plaintiff's view of the events. This video opens with Sgt. Brock standing behind Plaintiff in front of his cell, apparently securing the handcuffs. The two men take a quarter turn to their left, bringing them to face the camera directly. They are at the far side of the dayroom from where the camera is located. Plaintiff starts to walk toward the camera but veers to his left, circling around Sgt. Brock. He takes five steps and stops. Sgt. Brock then steps behind him, and they walk through the dayroom toward the camera. As they approach the bottom of the frame, Plaintiff pulls away from Sgt. Brock heading toward his right. Sgt. Brock pulls him back and gestures toward a doorway in the bottom right corner of the screen. They turn around so their backs are to the camera, facing back the way they came. Plaintiff can be seen pulling away from Sgt. Brock. He takes about four or five steps back the way he came, towards his cell on the other side of the dayroom. Sgt. Brock follows just behind him, with his left arm trying to hold Plaintiff's right arm. On Plaintiff's fifth step toward his cell, Sgt. Brock uses his right leg to trip Plaintiff, taking him to the floor. He remains on top of Plaintiff, holding him down, until other officers arrive. Medical personnel come to the scene and Plaintiff is placed on a gurney for transport to the infirmary.

**IV.     The Magistrate Judge's Report**

The Magistrate Judge reviewed the summary judgment evidence, including the video, and issued a report recommending Sgt. Brock's motion for summary judgment be granted. The Magistrate Judge set out the law governing use of force claims, stating the core judicial inquiry was whether the force was used in a good-faith effort to restore discipline or maliciously and sadistically for the very purpose of causing harm. *Wilkins v. Gaddy*, 559 U.S. 34, 35 (2010). In making this determination, the Fifth Circuit has identified five factors to be considered: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998); *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992). These are commonly referred to as the "*Hudson* factors." *See, e.g.*, *Baldwin*, 137 F.3d at 838–39.

The Magistrate Judge analyzed each of these factors separately. While the first factor clearly weighed in Plaintiff's favor, the Magistrate Judge determined that the second and fourth factors weighed in Sgt. Brock's favor and that the third and fifth factors were inconclusive. In reviewing the central question of whether the force was used in a good faith effort to restore discipline or maliciously and sadistically for the very purpose of causing harm, the Magistrate Judge concluded as follows:

> The surveillance video shows Sgt. Brock did not act maliciously or sadistically for the very purpose of causing harm. Rather, he was faced with a recalcitrant inmate who resisted his attempts to remove him from the housing area by continually trying to pull away and trying to move in a different direction. *See, e.g., Williams v. Valenti*, 432 F.App'x 298, 2011 WL 2650883 (5th Cir., July 7, 2011) (use of force not malicious or sadistic where inmate was belligerent and pulled away when officer grasped his arm); *Waddleton [v. Rodriguez*, 750 F.App'x 248 (5th Cir. 2018)] (no malicious or sadistic action where inmate was in restraints but continued to be uncooperative and resisting). In the absence of any showing of malicious or sadistic action for the very purpose of causing harm, Plaintiff's excessive force

claim is without merit.

Docket No. 77 at 14. The Magistrate Judge recognized the severity of Plaintiff's injury, but observed that in *Waddleton*, the Fifth Circuit stated that "injury alone does not equate to excessive force." *Waddleton*, 750 F. App'x at 255. This is because the question is not whether a certain quantum of injury was sustained but whether the force was applied in a good faith effort to restore discipline or maliciously and sadistically to cause harm. In *Whitley v. Albers*, 475 U.S. 312, 321 (1986), the Supreme Court stated the seriousness of an injury may be considered in determining whether the force could plausibly have been thought necessary or evinced such wantonness with respect to an unjustified infliction of harm as is tantamount to a knowing willingness that the harm occur. In so holding, the Supreme Court determined that the shooting of a prisoner in the leg with a shotgun was not an Eighth Amendment violation because it was done in an effort to restore discipline rather than through a wanton willingness to inflict unjustified suffering. *Id*. at 325.

Applying those principles here, the Magistrate Judge determined that Sgt. Brock was attempting to restore discipline and order, rather than engaging in a malicious or sadistic effort to cause harm. The Magistrate Judge found Sgt. Brock was entitled to Eleventh Amendment immunity from any claims for monetary relief in his official capacity and qualified immunity from claims for monetary relief in his individual capacity. The Magistrate Judge, therefore, recommended that the motion for summary judgment be granted.

### V.    Plaintiff's Objections

In his objections, Plaintiff states he never received an attorney to help him, so he has been using what little money he has to pay "jail house so-called lawyers." He says the "high priced attorneys" representing the Defendant should have seen that Sgt. Brock should have got on his radio and called in an ICS (*i.e.*, an Incident Control System alert) the moment Sgt. Brock said Plaintiff

refused to hand over his ID.

Plaintiff asserts the video shows him exiting his cell and turning around to allow Sgt. Brock to cuff him, yet three or four officers wrote statements saying Plaintiff refused to return to his cell. He claims Sgt. Brock's statement admits that Plaintiff "complied with all orders and entered his cell."

Plaintiff also asserts that, two months before this incident, Sgt. Brock was assaulted and knocked out by three Hispanic inmates in the very same building. He contends "that's the reason this sergeant did this to me." Plaintiff also states that anyone who thinks "minimum force" was used should have seen the surgery, since he had three fractures and not just one.

Plaintiff states that, if he had slammed Sgt. Brock the same way, he would have had his rights read to him, would have been starved and would have been beaten up. Likewise, Plaintiff claims Sgt. Brock would have been taken to the hospital had Sgt. Brock been injured similarily. Plaintiff wants to present his case to a jury, and he complains that he does not have access to a law library or assistance from other inmates because of the COVID-19 virus.

## VI.     Discussion

Plaintiff's objections do not address the Magistrate Judge's discussion of the *Hudson* factors, nor the conclusion that the force was applied in a good faith effort to restore discipline rather than maliciously and sadistically for the very purpose of causing harm. He contends Sgt. Brock's written statement says that Plaintiff "complied with all orders," but this portion of Sgt. Brock's statement refers to the period of time before the escort began. After the escort began, Sgt. Brock stated that Plaintiff pulled away from him three times, which is confirmed on the surveillance video.

Plaintiff offers only a conclusory assertion that Sgt. Brock's use of force on him was motivated by an assault occurring two months earlier, rather than by the fact Plaintiff repeatedly tried to pull away from the escort. While there is no doubt Plaintiff suffered serious injuries, the

Magistrate Judge correctly stated the mere fact of injury alone does not equate to excessive force. *See, e.g.*, *Whitley*, 475 U.S. at 325; *McCoy v. Esquivel*, 798 F. App'x 818, 819–20 (5th Cir. 2020); *Waddleton*, 750 F. App'x at 255.

Careful review of the surveillance video confirms that Plaintiff pulled away from Sgt. Brock three separate times and attempted to walk back toward his cell rather than complying with Sgt. Brock's orders. The Magistrate Judge correctly determined that "Plaintiff's defiance of Sgt. Brock's attempt to escort him, coming on the heels of his refusal to give Sgt. Brock his ID, plainly created a need for the application of force." Docket No. 77 at 12; *see, e.g.*, *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) (where an inmate cannot be persuaded to obey an order, some means must be used to compel compliance because discipline is essential for the institution to function); *Minix v. Blevins*, Civil Action No. 6:06-cv-306, 2007 WL 1217883 (E.D. Tex. Apr. 23, 2007) (finding that inmates cannot pick and choose which rules to obey). Because Sgt. Brock did not use force maliciously and sadistically for the very purpose of causing, Plaintiff's excessive force claim is without merit.

Plaintiff's objections do not refer to the Magistrate Judge's determination that Sgt. Brock is entitled to qualified and Eleventh Amendment immunity. A review of the record shows this determination was correct as well.

### VII.    Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (requiring this Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections

are without merit.

Accordingly, Plaintiff's objections (Docket No. 78) are **OVERRULED**; the Report of the Magistrate Judge (Docket No. 77) is **ADOPTED**; and Sgt. Brock's Motion for Summary Judgment (Docket No. 74) is **GRANTED**.  It is therefore

**ORDERED** that Plaintiff's claims against Sgt. Brock are **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 14th day of July, 2020.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE